UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil No. _____

CHRISTOPHER F. NESBITT, SR.

Plaintiff,

v.

CHAD SIROIS in his individual and official capacities; JOHN and JANE DOES, in their individual and official capacities.

Defendants.

## COMPLAINT

*Introduction.*

This case arises out of a violation of, and civil conspiracy to, violate Christopher Nesbitt's constitutional rights. The defendant police officer, along with other co-conspirators referred to herein as John and/or Jane Does, interfered and attempted to interfere with the plaintiff's right to be free from unreasonable and unlawful seizures of his person and property.

The plaintiff hereby alleges as follows:

*Jurisdiction & Venue.*

1.  Jurisdiction is proper pursuant to 28 U.S. Code § 1331, as the plaintiff alleges claims herein pursuant to 42 U.S. Code § 1983.

2.  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants are subject to personal jurisdiction in this District.

3.  This Court has personal jurisdiction over all defendants because each Defendant is domiciled in, organized under the laws of, or maintains his or its principal place of business in this District, and because Plaintiff's claims arise from Defendants' tortious and unlawful conduct causing personal injury in this District.

*The Parties.*

4.  The Plaintiff, Christopher F. Nesbitt, Sr., ("Nesbitt") is a New Hampshire resident who was seized for a custodial interrogation by Methuen Police while on the private property he rents at 147 Marston Street in Lawrence, Massachusetts.

5.   The Defendant Chad Sirois ("Sirois") is a Police Officer in the Methuen Police Department with his principal place of business at 90 Hampshire Street, Methuen, Massachusetts.

6.   The Defendants John and Jane Does are Police Officers in the Methuen Police Department with their principal place of business at 90 Hampshire Street, Methuen, Massachusetts (collectively, the "Doe Defendants"). The Doe Defendants are Methuen Police Officers who were involved in the conspiracy to violate Nesbitt's rights. The Doe Defendants are sued in their individual and, as appropriate, official capacities. The total number and identities of the Doe Defendants is currently unknown to Mr. Nesbitt, who therefore sues these individuals using fictitious names. Mr. Nesbitt will seek leave to amend the Complaint to state the true names of the Doe Defendants when he ascertains their identities. Mr. Nesbitt will serve each Doe Defendant with process at that time.

7.   At all relevant times, the Police Officer Defendants have acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City of Methuen and/or the Methuen Police Department in engaging in the conduct described in this Complaint. At all relevant times, the Defendants have acted for and on behalf of the City of Methuen and/or the Methuen Police Department with the power and authority vested in them as officers, agents, and employees of the City of Methuen and/or the Methuen Police Department and incidental to the lawful pursuit of their duties as officers, employees, and agents of the City of Methuen and/or the Methuen Police Department.

8.     At all relevant times, the Defendants Methuen Police Officer Chad Sirois, and John and Jane Does, each violated clearly established law of which a reasonable person would have known, regarding Christopher Nesbitt's right to be free from the unlawful and unreasonable seizure of his person and property.

*Statement of Facts*

9.     The Plaintiff, Christopher Nesbitt, has had an ongoing dispute with Valley Towing ("Valley or Valley Towing"), a business owned by Ronald Parrino ("Parrino"), chairman of Methuen's Licensing Board.

10.    Valley Towing is located at 150 Merrimack St in Methuen, MA, and has had a contract with the City of Methuen for several decades, as an on-call towing contractor for involuntary tows made at the request of the Police.

11.    Nesbitt and several other individuals have made allegations that Valley illegally towed, and / or junked their vehicles and overcharges it's customers regularly.

12.    Nesbitt previously filed a lawsuit against the City of Methuen, the Methuen Police, and Parrino, in this Court regarding these allegations.  *See* Case No. 17-cv-11255-DJC.

13. Nesbitt and others have appeared in several print news articles and television news broadcasts about the ongoing unfair and deceptive business practices he alleges against Valley Towing.

14. Nesbitt operates a website, www.where-is-my-car.org and a facebook fanpage called "Where is my car", which he uses to share information regarding Valley Towing.

15. Nesbitt has a drone which he sometimes uses to take pictures and videos of Valley Towing, specifically the vehicles currently being stored there, to post online.

16. On April 4th, 2019 Nesbitt was operating his drone over Valley Towing and filming when the drone accidentally landed on the roof of 152 Merrimack St., the home next to Valley and also belonging to Parrino.

17. The drone was subsequently recovered by a Valley employee and turned over to the Methuen Police.

18. The drone was returned to Nesbitt by the Methuen Police on April 9th, 2019, and Mr. Nesbitt was not cited for any violations of the law and Nesbitt ceased operating his drone for the remainder of 2019.

19. On April 26th, 2020, Nesbitt resumed operating his drone, flying a reconnaissance flight over Valley Towing's storage yard while filming and taking pictures.

20. On April 29th, 2020, Nesbitt was in the parking lot of the Sargent Improvement Club, where he is a member in good standing, which is located at 143 Merrimack Street in Methuen, directly across from Valley Towing.

21. Nesbitt was approached by Methuen Police Detective Morel, and Methuen Patrolman Mambro while seated in his vehicle, and asked if he was flying a drone.

22. The Officers informed Nesbitt that he was prohibited from flying a drone over Valley Towing and was asked to leave the area which he did.

23. On April 30th, 2020, Nesbitt placed a phone call to Methuen Police, and spoke to the Officer in Charge, who identified himself as Sargent John DeLano ("DeLano").

24. In that recorded phone call, Nesbitt informed DeLano of his intentions to fly his drone over Valley Towing later that day, and explained to DeLano that the drone was properly registered and marked, and that he obtains clearance to fly his drone within the Class D airspace of the Lawrence Airport located approximately ½ mile South East of Valley Towing before initiating flight operations.

25. At 4:38 PM on April 30th, 2020, Nesbitt contacted Lawrence Tower and informed them of his intentions to fly his drone between 4:45 - 5:00 PM.

26. Nesbitt ceased operations and left the Sargent club at approximately 5 PM.

27. At approximately 5:15 PM, while parked at the garage he rents located at 147 Marston Street in Lawrence, Massachusetts, and sitting in his vehicle, a marked Methuen Police cruiser, Unit 739, pulled into the driveway behind Nesbitt's vehicle blocking it and preventing him from leaving.

28. The Officer and Nesbitt exited their vehicles and the Officer, who identified himself as Chad Sirois, and who was in full uniform, armed with a handgun and taser, explained that he was activating his department issued body camera and was going to ask Nesbitt questions about his drone use activity near Valley Towing.

29. Sirois asked Nesbitt to produce documentation regarding the registration of the drone and asked Nesbitt questions about his operation of the drone including where and how he operated it, was there a spotter present, and if he operated it over Valley Towing.

30. Upon questioning by Nesbitt, Sirois admitted that he did not see Nesbitt leaving the Sargent Club and agreed when Nesbitt suggested that "you must have just missed me".

31. Sirois did not see Nesbitt operating the drone or committing any crime.

32. Sirois's reason for seizing and detaining Nesbitt was for the purpose of investigating to determine if in fact Nesbitt was lawfully operating the drone in Methuen.

33. M.G.L. c. 41, § 98A, permits an officer to effectuate a stop outside of his jurisdiction after " fresh and continued pursuit" of a suspect for an arrestable offense initially committed in the officer's presence and within his jurisdiction.

34. Sirois did not see Nesbitt operating the drone or committing any crimes, and was not in pursuit of Nesbitt when he parked behind Nesbitt and blocked him in the private driveway of the garage Nesbitt rents in Lawrence.

35. A police officer lacks authority to act outside his or her jurisdiction, unless specifically authorized by statute or in the performance of a valid citizen's arrest at common law.

36. Sirois was outside of his jurisdiction, and not performing a citizen's arrest at the time he detained Nesbitt for questioning.

37. Sirois was acting with and / or under the direction of others to be determined at all times relevant to the allegations set forth in this complaint.

38. The Fourth Amendment to the United States Constitution protects the right of the people to be secure in their person and property against unreasonable seizures.

## COUNT I

### Violation of 42 U.S.C § 1983

### Violation of Nesbitt's Fourth Amendment Rights

### Defendant Chad Sirois

39. Plaintiff incorporates all of the preceding allegations in this Complaint as if fully set forth here.

40. At all relevant times, the Defendant was acting under color of State law.

41. The Defendant did improperly seize Nesbitt in violation of Nesbitt's Fourth Amendment Rights.

42. The Defendant's conduct demonstrates his deliberate indifference to the Plaintiff's constitutional right to be free from unreasonable seizures by the government.

43. As a direct and proximate result of the Defendant's violations of 42 U.S.C. § 1983, and as alleged in detail above, Mr. Nesbitt has suffered harm.

44. The acts of Defendant Chad Sirois was intentional, wanton, malicious, reckless, callously indifferent, and oppressive, thus entitling Mr. Nesbitt to punitive damages.

## COUNT II

### Violation of 42 U.S.C § 1986

### Conspiracy to Violate Nesbitt's Fourth Amendment Rights

<u>Defendants' Chad Sirois and John & Jane Does</u>

45. Plaintiff incorporates all of the preceding allegations in this Complaint as if fully set forth here.

46. At all relevant times, all Defendants were acting under color of State law.

47. The Defendants' did willfully conspire to improperly seize Nesbitt in violation of Nesbitt's Fourth Amendment Rights.

48. The Defendants' conduct demonstrates their deliberate indifference to the Plaintiff's constitutional right to be free from unreasonable seizures by the government.

49. As a direct and proximate result of the Defendants' violations of 42 U.S.C. § 1986, and as alleged in detail above, Mr. Nesbitt has suffered harm.

50. The acts of Defendants' Chad Sirois and John & Jane Does were intentional, wanton, malicious, reckless, callously indifferent, and oppressive, thus entitling Mr. Nesbitt to punitive damages.

WHEREFORE, Plaintiff Christopher F. Nesbitt, Sr, respectfully requests that the Court grant the following relief:

A. Enter judgment in favor of Plaintiff, and against Defendants, on all counts of the Complaint;

B. Award to the Plaintiff, individual damages trials, all damages in an amount, to be determined at trial, which is sufficient to compensate the Plaintiff for his injuries.

C. Award to the Plaintiff, individual damages trials, all damages in an amount, to be determined at trials, punitive or exemplary damages as permitted by law;

D. Award to Plaintiff attorneys' fees, costs, and interest as permitted by law; and

E. Grant such further and other relief as may be just and proper.


**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS AND ISSUES SO TRIABLE.**

All of the foregoing statements are made under the pains and penalties of perjury, and sworn by me to be true and accurate to the best of my knowledge and belief.

Respectfully Submitted by:                    DATED: May 1st, 2020

Christopher F. Nesbitt, Sr., *Pro Se*


Christopher F. Nesbitt, *Pro Se*
5 Hampshire St.
Salem, NH 03079
(978) 305 - 3622
chris.nesbitt.sr@gmail.com


USMS SCREENED